STATE OF MAINE                              BUSINESS AND CONSUMER COURT

Cumberland, ss.                             Location: Portland
                                            Docket No.: BCD-CV-15-07 ✓

JOHN G. PAPPAS,                             )
                                            )
                 Plaintiff,                 )
                                            )
        v.                                  )
                                            )
STEVEN H. LEASK                             )
d/b/a Southgate Restaurant,                 )
                                            )
                 Defendant.                 )

ORDER ON DEFENDANT'S MOTION TO APPROVE ATTORNEY FEES

Defendant has filed a Motion to Approve Attorney Fees, and the Plaintiff has filed a timely opposition. The Maine Human Rights Act allows for an award of attorney fees to a prevailing party, 5 M.R.S. § 4614. However, following the lead of federal courts that have interpreted the attorney fee provision of the counterpart federal statute, Maine courts have typically awarded attorney fees to prevailing defendants only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Grant v. Camp Powhatten Partnership*, 1994 Me. Super. LEXIS 92 (Oxf. Cty. 1978), *quoting Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978).

Here, although Defendant ultimately prevailed, the timing of Defendant's decision to terminate the Plaintiff, coming the day after Plaintiff suffered a seizure at work, was suspicious from any reasonable point of view, and in no sense can it be said that Plaintiff's claim was frivolous, unreasonable or without foundation.

Defendant's Motion to Approve Attorney Fees is denied.

1

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated July 25, 2016

_____

A. M. Horton, Justice

2